## Mondell (Minors)

*Armand R. Cingolani,* for petitioner.
*James Taylor,* for contra.

DILLON, J., January 7, 1974.—Richard E. Mondell, natural father, has instituted a habeas corpus proceeding to regain the custody of his two children.

Presently, the two children are in the custody of their maternal grandparents, Mr. and Mrs. LeRoy Burkholder.

Evidentiary hearings were held October 22, 1973, and December 20, 1973.

From the pleadings and testimony, the following finding of facts are made.


## FINDINGS OF FACTS

1. Richard E. Mondell and Debora A. Mondell were the parents of two children, Karrie A. Mondell, age four, and Richard S. Mondell, age seven months. Both ages were determined as of the filing of the petition on October 2, 1973.

2. The date of their marriage was July 3, 1969.

3. The oldest child, Karrie A. Mondell, was born on January 9, 1970. The youngest child, Richard S. Mondell, was born February 23, 1973.

4. At the time of the first hearing, Richard E. Mondell was a United States Air Force Staff Sergeant and stationed at the Seymour Johnson Air Force Base in Goldsboro, N.C. He provided a home in the Goldsboro area for his family.

5. On March 31, 1973, Debora Mondell and the two children left Richard Mondell and returned to Butler, Pa., to live with her parents, Mr. and Mrs. LeRoy Burkholder.

6. Debora Mondell died September 28, 1973, at the age of 23. She had contracted cancer.

7. The suit in question was filed within a month of her death.

8. Richard E. Mondell was honorably discharged from the service on November 29, 1973; remarried

December 14, 1973, and is now gainfully employed in the Goldsboro area.

9. The new Mrs. Mondell is the mother of two children and according to Mr. Mondell agrees to raise his two children.

## DISCUSSION

This unfortunate conflict pits a natural father against maternal grandparents. At stake is the custody of two small children. Commonwealth ex rel. Johnson v. Pinder, 217 Pa. Superior Ct. 180, governs the disposition of this case. The following language from that case is pertinent:

"The paramount consideration in child custody disputes, to which all other factors are subordinate, is the child's welfare. Presumptively, the child's welfare is best served when the child is in the custody of its parent or parents, and prima facie, a parent is entitled to the custody of his or her child. In a contest between a natural father and a nonparent, the father's right to the custody of his child is held to be so moving and urgent that it is forfeitable only by misconduct or other factors which substantially affect the child's welfare."

Although the maternal grandparents are wonderful people and would provide a fine home for these two young children, there is nothing in this record to warrant ignoring the guidelines set down in the Pinder case.

These two children, ages four and one, have been with the Burkholders for approximately nine months. The transition now from one home to another at their tender ages would present a minimal risk to their emotional development. The longer the children

remain with the grandparents the more difficult will be the transition and the greater the risk of serious emotional problems for each child.

Mr. Mondell has remarried. His new wife has experience in raising children and Mr. Mondell, by his marriage to Laura Ellen Mondell, also undertakes to raise her two children.

He is off to a fresh start in the Goldsboro area as a manager of a 7-11 food store. Prior to going into the service, he had worked for Thorofare Markets, Inc., and he was eligible for reinstatement upon presentation of evidence of honorable discharge. His yearly earning would have been approximately $10,340. This new position offers him $700 per month, plus a commission.

Within a month of the mother's death, the father was asserting his rights to custody. Commonwealth ex rel. Sabath v. Mendelson, 187 Pa. Superior Ct. 93, points out that in the cases where it has been held that custody should remain with someone other than the natural parent involve situations where the child has been in the custody of the nonparent for a period of years and was well adjusted in the existing family situation. The grandparents in this case cannot qualify under that exception.

## ORDER OF COURT

Now, January 7, 1974, in accordance with the foregoing memorandum opinion, custody of Karrie A. Mondell and Richard S. Mondell is awarded to their father, Richard E. Mondell.

Attorney James Taylor will arrange with attorney A. R. Cingolani, Jr., concerning the delivery of the children to the natural father.

Costs on respondents.